WALTERS, C. J., dissenting.
*60 **439 I respectfully dissent. In State v. Kurokawa-Lasciak , 351 Or. 179, 181, 263 P.3d 336 (2011), this court adhered to its prior decisions and decided "that the 'automobile exception' to the warrant requirement of Article I, section 9, of the Oregon Constitution, does not permit a warrantless search of a defendant's vehicle when the vehicle is parked, immobile, and unoccupied at the time that the police encounter it in connection with a crime." In this case, defendant's car was parked, immobile, and unoccupied when police officers encountered it in connection with a crime. It was only after the officers stopped defendant's car and ordered defendant to step out of it that they developed probable cause to believe that defendant had committed a crime. Therefore, adhering to the rule as stated in Kurokawa-Lasciak and reflected in this court's prior decisions, including State v. Meharry , 342 Or. 173, 179, 149 P.3d 1155 (2006), State v. Kock , 302 Or. 29, 33, 725 P.2d 1285 (1986), and State v. Brown , 301 Or. 268, 278, 721 P.2d 1357 (1986), I would hold that the officers were not permitted to conduct a warrantless search of defendant's vehicle based on an assumed exigency. Rather, a warrant, a showing of actual exigent circumstances, or the establishment of another exception to the warrant requirement was necessary.
I acknowledge that, when a driver is stopped for a traffic offense, absent an arrest, that driver is able to drive the car from the scene, creating a risk that evidence that may be contained in the car will be lost. But the fact that exigent circumstances may be established does not provide a reason to expand the circumstances in which an exigency must be assumed. In Brown , this court assumed the existence of an exigency with the understanding that that assumed exigency would be short-lived-that, due to anticipated technological advances, there would be "a time in the near future when the warrant requirement of the state and federal constitutions can be fulfilled virtually without exception." 301 Or. at 278 n. 6, 721 P.2d 1357. That was over 30 years ago, and technological advances have occurred. Officers should now be able to obtain warrants without significant delay. But, be that as it may, it is one thing to routinely permit a warrantless search **440 when officers stop vehicles with probable cause to believe that a crime has been committed. It is another thing to do so when officers pull drivers over for traffic infractions. When such routine stops are extended, constitutional concerns abound. See State v. Rodgers/Kirkeby , 347 Or. 610, 623, 227 P.3d 695 (2010) (police permitted to stop and briefly detain motorists for investigation of noncriminal traffic violations, but conduct must comply with Article I, section 9, and must be limited in duration and reasonably related to the investigation). To ensure constitutional compliance, we would do well to require that officers who stop drivers for traffic infractions and who believe that they have probable cause to search their vehicles for evidence of a crime obtain permission from a neutral magistrate to do so or be ready to prove the existence of exigent circumstances or some other exception to the warrant requirement.
Accordingly, I respectfully dissent.
Nakamoto, J., joins in this dissenting opinion.